**William Jack STEPHENSON, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–89–096–CR.**

Court of Appeals of Texas,
Fort Worth.

Dec. 19, 1989.

Discretionary Review Refused
Feb. 28, 1990.

Pete Gilfeather, Weatherford, for appellant.

Patrick J. Fleming, County Atty., Ben Akers, Asst. County Atty., Weatherford, for appellee.

Before WEAVER, C.J., and HILL and FARRIS, JJ.

OPINION

WEAVER, Chief Justice.

Appellant appeals his conviction by the court, upon a not guilty plea, of driving while intoxicated. *See* TEX.REV.CIV. STAT.ANN. art. 6701L–1 (Vernon Supp. 1989). Punishment was assessed by the trial court at $1000 fine, and 180 days in jail probated for two years.

We affirm.

Appellant alleges one point of error by the trial court: admitting into evidence a videotape of appellant taking a field sobriety test after he had invoked his right to counsel.

In regards to the procedure at trial, we first note that after discussion among counsel and the court, beyond hearing of the jury, the State only sought to enter, and the trial court only admitted, the video portion of the videotape of the field sobrie-

ty test. Appellant's point of error and brief argument focuses on the admissibility of the videotape as testimonial self-incrimination in violation of his right against self-incrimination, resulting from interrogation after appellant requested counsel. U.S. CONST. amend. V; TEX. CONST. art. I, sec. 10. Of course, interrogation must cease when a person in custody requests counsel, which appellant did. *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981); *see also Jones v. State*, 742 S.W.2d 398, 405–06 (Tex.Crim.App. 1987).

Appellant argues in his brief that the videotape is the self-incriminating product of unlawful interrogation. He also asserts that no Texas court has addressed the issue of the admissibility of a videotape of the field sobriety test as self-incriminating statements from interrogation. However, as the State points out, the Texas Court of Criminal Appeals has addressed the issue in the recently reported case of *Miffleton v. State*, 777 S.W.2d 76, 78–81 (Tex.Crim. App.1989). As in this case, the accused had requested an attorney before the sobriety test was administered. *Id.* at 78. Since no complaint had yet been filed against the accused, the court held no right to an attorney had yet attached. *Id.* (citing *Forte v. State*, 759 S.W.2d 128 (Tex.Crim. App.1988)); *see also McCambridge v. State*, 778 S.W.2d 70 (Tex.Crim.App.1989). Citing to numerous authorities, including the Supreme Court and previous court of criminal appeals cases, the court held the following as to the character of the video (as opposed to audio) portions of the videotape of field sobriety tests:

> [W]e conclude that the videotape is not testimonial in nature and therefore does not offend the Fifth Amendment privilege against self-incrimination. Applying a Fifth Amendment analysis, we find no meaningful distinction between obtaining a film of a defendant performing a sobriety test and obtaining a sample of breath, blood, urine, or handwriting, or submitting a defendant to fingerprinting, photographing, or measurements....
>
> ....

> ... Visual depictions of a suspect's physical condition, like samples of blood, breath, or handwriting, are not testimonial in nature and do not fall within the federal or state privileges against self-incrimination.

*Miffleton*, 777 S.W.2d at 80–81. Under the Texas constitutional privilege, the court held that "the visual portion of the videotaped sobriety test did not offend the Texas constitutional privilege against self-incrimination because the videotape was not compelled testimony." *Id.* at 80; *see also* U.S. CONST. amend. V; TEX. CONST. art. I, sec. 10. The court's decision clearly indicates the visual portion of the videotape of the sobriety test was not the product of unlawful interrogation, since that portion is regarded as physical evidence and not testimonial, much like taking other physical specimens or measurements like a blood sample or breath test. *Miffleton*, 777 S.W.2d at 79–80; *Rodriguez v. State*, 631 S.W.2d 515, 517 (Tex.Crim.App. [Panel Op.] 1982). We hold, therefore, the admission of the video portion of the videotape of appellant taking the field sobriety test did not offend the federal or Texas constitutions, and therefore the trial court committed no error. Point of error is overruled.

Judgment is affirmed.