**Denise Vivi POULOS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–89–00869–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 8, 1990.

Robert A. Scardino, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., J. Harvey Hudson, Asst. Harris Co. Dist. Atty., for appellee.

Before DUGGAN, HUGHES and DYESS,* JJ.

## OPINION

DYESS, Justice.

Appellant was convicted by a jury of driving while intoxicated. *See* TEX.REV.CIV. STAT.ANN. art. 6701*l*–1 (Vernon Supp.1990). The court assessed punishment at 180 days confinement, probated for two years, and a $400.00 fine.

We affirm, and in so doing, make the following observations.

Shortly after midnight on April 5, 1989, Houston police officer Garza was driving inbound on Westheimer in a marked patrol unit and noticed appellant's car proceeding outbound at a high rate of speed without headlights. Garza turned his patrol car around and noticed appellant run a red light at an intersection. Garza turned on his warning lights and siren and followed appellant through another red light at another intersection. Appellant then pulled her car to the side of the road.

After appellant stopped her car, Garza left his car and approached appellant's car window. He observed a beer can cradled between appellant's legs, noticed the smell of alcohol on her breath, and observed her bloodshot eyes. Instructing appellant to remain in her car and informing her that he would return, Garza returned to the patrol car and activated a small, video camera mounted on the dashboard. He then returned to appellant's car, asked her to leave the vehicle and to perform several sobriety tests, which she did not do successfully. The video portion of the tape was later admitted into evidence over appellant's repeated objections.

In two points of error appellant alleges the trial court erred in: (1) admitting the video portion of the videotape of the field sobriety test, and (2) denying a requested charge that would have asked the jury to disregard evidence that it believed was obtained in violation of federal or state law. *See* TEX.CODE CRIM.P.ANN. art. 38.23 (Vernon Supp.1990).

Appellant's first point contends that "the trial court erred in denying [her] motion to suppress the videotape [of her] taken at the scene of the arrest." Appellant argues that she was "arrested" by officer Garza and then subjected to "custodial interrogation" when she was required to perform sobriety tests on camera. Insisting that the evidence contained in the videotape was self-incriminating, she concludes that she should have received *Miranda* warnings before the tape was made. *See Miranda v. Arizona*, 384 U.S. 436, 479, 86 S.Ct. 1602, 1630, 16 L.Ed.2d 694 (1966). Because she was not warned, she argues

* The Honorable Arthur Dyess, former Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

that the videotape was inadmissible under state and federal constitutional protections against self-incrimination. *See* U.S. CONST. amend. V; TEX. CONST. art. I, sec. 10.

We disagree. First, the video portion of the videotape was not appellant's "testimony" within the purview of the constitutional prohibitions against self-incrimination.

Although appellant may have been under arrest,[1] the images of her captured on videotape are "not testimonial in nature and therefore [do] not offend the Fifth Amendment privilege against self-incrimination." *Miffleton v. State,* 777 S.W.2d 76, 80 (Tex. Crim.App.1989). Similarly, the video portion of the videotape is not "testimony" for purposes of Texas constitutional protections against self-incrimination. *Id.* at 80–81; TEX. CONST. art. I, sec. 10. In holding that a station house videotape of a DWI suspect's post-arrest actions was *not* self-incriminating "testimony" prompted by unlawful interrogation, the *Miffleton* court concluded that "visual depictions of a suspect's physical condition, like samples of blood, breath, or handwriting, are not testimonial in nature and do not fall within the federal or state privileges against self-incrimination." *Id.* at 80–81 (citing *Schmerber v. California,* 384 U.S. 757, 764, 86 S.Ct. 1826, 1832, 16 L.Ed.2d 908 (1966) (forcible extraction of blood sample from intoxicated DWI suspect was not testimony and did not violate fifth amendment); *Gilbert v. California,* 388 U.S. 263, 266–67, 87 S.Ct. 1951, 1953–54, 18 L.Ed.2d 1178 (1967) (forced handwriting samples from defendant was not testimony and did not violate fifth amendment); *Rodriguez v. State,* 631 S.W.2d 515, 517 (Tex.Crim.App. [Panel Op.] 1982) (breath samples are not testimonial communication protected by the fifth amendment). Here, as in *Miffleton,* the video portion of the tape is not testimony— it is a "visual depiction of appellant's physical condition" at the time of the arrest. 777 S.W.2d at 81. In short, appellant's physical characteristics and actions are evidence, not her testimony. See *Doe v. United States,* 487 U.S. 201, 210, 108 S.Ct. 2341, 2347, 101 L.Ed.2d 184 (1988) ("in order to be testimonial [for fifth amendment analysis], an accused's communication must itself, explicitly or implicitly, relate a factual assertion or disclose information"). Here, the arresting officer could testify to appellant's *physical* condition at the time of the arrest without violating constitutional protections—the videotape presents the same evidence.

Our conclusion that the video portion of the tape is not "testimony" accords with the United States Supreme Court's decision in *Pennsylvania v. Muniz,* —— U.S. ——, 110 S.Ct. 2638, 2650–51, 110 L.Ed.2d 528 (1990) in which the Court held that various verbal and visual appearances of a drunk-driving suspect were not responses to "custodial interrogation" for purposes of the fifth amendment of the federal constitution.

■ In addition, because the videotape is not "testimony," we reject appellant's contention that *Miranda* applies.

In order to protect the federal constitutional privilege against testimonial self-incrimination, the United States Supreme Court mandated that certain warnings be given to suspects before "custodial interrogation." *See Miranda v. Arizona,* 384 U.S. 436, 469, 86 S.Ct. 1602, 1625, 16 L.Ed.2d 694 (1966). *Miranda* applies when police "interrogation" may invite self-incriminating "testimony." *See, e.g., Muniz,* 110 S.Ct. at 2647–48. As noted above, however, the video portion of the videotape did not elicit self-incriminating "testimony" within the meaning of the federal constitution, thus precluding the need for the *Miranda* warnings. Similarly, as held in *Miffleton,* the video portion of the videotape did not compel self-incriminating "testimony" within the meaning of the self-incrimination provisions of the state constitution and thus a protective device (such as a *Miranda* warning) would be unnecessary. 777 S.W.2d at 80; *see also Thomas v. State,* 723 S.W.2d 696, 700–05 (Tex.Crim. App.1986) (outlining scope and defining ap-

---

**1.** *See, e.g., Gregg v. State,* 667 S.W.2d 125 (Tex. Crim.App.1984) (person has been arrested when his freedom of movement has been restricted or restrained by a show of force or authority).

plication of Texas constitutional prohibition against self-incrimination).

We hold, therefore, that the admission of the video portion of the videotape of appellant taking the field sobriety test did not offend federal or state constitutional provisions against self-incrimination, and therefore the trial court did not err in denying appellant's motion to suppress the videotape taken of her at the scene of the arrest. Our holding accords with that in *Stephenson v. State*, 781 S.W.2d 735, 736 (Tex.App. —Fort Worth 1989, pet. ref'd).

Point of error one is overruled.

■ Appellant next complains in her point two that the trial court erred "by denying [her] requested charge pursuant to TEX.CODE CRIM.P.ANN. art. 38.23."

Article 38.23 provides:

No evidence obtained by an officer in violation of any provisions of the Constitution or laws of the State of Texas or of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of the article, then ... the jury shall disregard any such evidence so obtained.

TEX.CODE CRIM.P.ANN. art. 38.23 (Vernon Supp.1990). At trial, appellant requested an instruction that the jury could disregard the videotape and the results of the breath tests if it believed that the information had been gathered in violation of law. According to appellant, "there [was] evidence before the Court during this trial raising the issue of whether those items of evidence were gathered in an acceptable way under the [law]." Appellant's arguments (both at trial and on appeal) in support of exclusion, however, are *legal* arguments under the fourth (search and seizure), fifth (self-incrimination), and sixth (right to counsel) amendments of the United States Constitution and "the appropriate references to the Texas Constitution." Appellant urges that her "testimony" was improperly obtained after her fifth amendment rights to avoid self-incrimination (and its accompanying right to a *Miranda* warning) had ripened, and after her sixth amendment right to counsel had ripened. Appellant did not dispute the manner in which the evidence was obtained, and the court refused the article 38.23 instruction.

The trial court properly refused appellant's article 38.23 instruction because the *facts* behind the State's gathering of the evidence were not disputed. Article 38.23 applies only if there is a "disputed fact issue" regarding police action. *Jones v. State*, 493 S.W.2d 933, 936 (Tex.Crim.App. 1973); *Cantu v. State*, 754 S.W.2d 512, 514 (Tex.App.—San Antonio 1988, no pet.). Here, appellant's objections were *legal*, not factual challenges. Appellant did not testify at trial and offered no witnesses in her defense during the guilt/innocence phase. "A trial court is required to include a properly worded Article 38.23 instruction in the jury charge *only if there is a factual dispute as to how the evidence was obtained.*" *Thomas v. State*, 723 S.W.2d at 707 (emphasis added). In the case at bar the court concluded as a matter of law that the evidence complained of (videotape and breath test) did not violate appellant's constitutional rights in the areas of self-incrimination, right to counsel, and search and seizure. Appellant does not challenge the State's facts—just the court's legal conclusions. The legal conclusions are sound: the videotape is not "testimony" that triggers constitutional protections against self-incrimination and the record reflects probable cause for police action. The trial court did not err as a matter of law in determining that the video portion of the videotape was admissible and did not err when it refused to submit an article 38.23 instruction when no factual dispute was presented.

Point of error two is overruled.

The judgment of the trial court is affirmed.