Kenneth Randall WITHERS, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–94–00724–CR.

Court of Appeals of Texas, Houston (1st Dist.).

June 15, 1995.

Discretionary Review Refused Sept. 20, 1995.

J. Armin Rust, Houston, for appellant.

John B. Holmes, Jr., Dan McCrory, Lori Swann, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and HEDGES and ANDELL, JJ.

## OPINION

OLIVER–PARROTT, Chief Justice.

Appellant, Kenneth Randall Withers, was charged by indictment with the offense of aggravated robbery, enhanced by two prior robbery convictions. After the jury found appellant guilty, the trial court found one enhancement true and sentenced appellant to life imprisonment. Appellant raises nine points of error on appeal. We affirm.

### Background

The complainant, Frank Coselli, is the vice president of operations for Spec's Liquor. He testified that on December 30, 1993, he and a Spec's clerk, Lynda Walker, were checking-out customers when the appellant entered the Spec's store located on Kleckley Street. Coselli further testified that the appellant went around the store before approaching the counter to inquire where he might find the Crown Royal. Upon retrieving a bottle of Crown Royal and placing it on the counter, the appellant was asked if there would be anything else. Appellant responded by leaning across the counter with a pistol and demanding the money in the cash register.

Approximately one week later, appellant was arrested for an outstanding warrant during a routine traffic stop. Appellant was placed in a lineup where he was positively identified by Coselli.

Appellant's appointed trial court counsel withdrew after two months due to conflict problems. New counsel was appointed and soon thereafter, appellant decided to continue his defense *pro se* with new counsel acting as his assistant.

### Points of error one and two

Appellant contends in his first two points of error that the trial court erred by refusing to submit an article 38.23 jury instruction regarding the issue of identity, and that the lineup identification was unduly suggestive.[1] Because his line-up identification by Coselli was impermissibly suggestive, appellant argues, the jury should have been instructed to

---

1. Article 38.23 of the Texas Code of Criminal Procedure provides:

   No evidence obtained by an officer or other person in violation of any provision of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

   In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

   Tex.Code Crim.Proc.Ann. art. 38.23(a) (Vernon Supp.1995).

disregard the identification if it found that the identification was obtained illegally.

When an article 38.23 instruction is mandatory, the trial court's failure to submit the requested charge to the jury is reversible error. *Bell v. State*, 881 S.W.2d 794, 802 (Tex.App.—Houston [14th Dist.] 1994, no pet.). However, whether a defendant is entitled to an article 38.23 instruction depends on whether there is a disputed fact issue regarding the evidence in contention. *Patterson v. State*, 847 S.W.2d 349, 353 (Tex.App.—El Paso 1993, pet. ref'd); *Poulos v. State*, 799 S.W.2d 769, 772 (Tex.App.—Houston [1st Dist.] 1990, no pet.). Therefore, "[a] trial court is required to include a properly worded article 38.23 instruction in the jury charge *only if there is a factual dispute as to how the evidence was obtained.*" *Poulos*, 799 S.W.2d at 772 (quoting *Thomas v. State*, 723 S.W.2d 696, 707 (Tex.Crim.App.1986)); *see also Andujo v. State*, 755 S.W.2d 138, 142–43 (Tex.Crim.App.1988).

Appellant does not raise a factual dispute as to how evidence of his identification was obtained. There was no dispute as to the physical characteristics of the other lineup participants. Neither was there a dispute as to how the lineup was conducted. In short, appellant did not offer any evidence at all which contradicted the State's facts as to how the identification of appellant was conducted. Appellant merely contends that his identification was unduly suggestive and resulted in an irreparable misidentification. Without a factual dispute, however, it is not error for the trial court to refuse an article 38.23 jury instruction. *Poulos*, 799 S.W.2d at 772.

Appellant also contends that his lineup identification was unduly suggestive and, therefore, his due process rights under the Fourteenth Amendment of the United States Constitution were violated when the trial court denied appellant's motion to suppress his in-court identification. Appellant bases his argument on the disparity of characteristics among the lineup participants. Appellant primarily contends that he was the shortest person in the lineup, and that some of the other lineup participants had facial hair. Appellant also argues that the over-all disparity of characteristics among the participants made the lineup identification unduly suggestive.

A lineup is considered unduly suggestive if other participants are *greatly* dissimilar in appearance from the suspect. *United States v. Wade*, 388 U.S. 218, 232–233, 87 S.Ct. 1926, 1935, 18 L.Ed.2d 1149 (1967). Thus, a lineup is suggestive when the accused is placed with persons of *distinctly* different appearance, race, hair color, height or age. *Foster v. California*, 394 U.S. 440, 442–443, 89 S.Ct. 1127, 1128–29, 22 L.Ed.2d 402 (1969). Minor discrepancies between lineup participants will not render a lineup unduly suggestive. *Partin v. State*, 635 S.W.2d 923, 926 (Tex.App.—Fort Worth 1982, pet. ref'd). Neither due process nor common sense requires participants in a lineup to be identical. *Buxton v. State*, 699 S.W.2d 212, 216 (Tex.Crim.App.1985). In fact, a lineup is not unduly suggestive where there is a weight range of 40 pounds or height range of 5 inches. *Id.* The courts also allow great latitude concerning the age disparity among lineup participants. *Latson v. State*, 713 S.W.2d 137, 140 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd) (16 year discrepancy between lineup participants not unduly suggestive).

In this case, appellant was 39 years of age at the time of his identification, 5'8" in height, 160 pounds and clean shaven. Coselli's description of appellant was 5'6" to 5'7" in height, 150 to 160 pounds and 30 to 35 years of age. The four other participants in the lineup ranged in age from 21 to 41, their height ranged from 5'9" to 6'1" and their weight ranged from 155 to 205. Appellant points out that two of the participants wore beards, while he was clean shaven. However, without more, this is not enough to make the identification unduly suggestive. We overrule appellant's first and second points of error.

### Points of error three, four, and five

In points of error three, four, and five, appellant argues that the State violated article 39.14 of the Code of Criminal Procedure, article 1, section 10 of the Texas Constitu-

tion, and the fifth, sixth, and fourteenth amendments to the United States Constitution by failing to disclose certain exculpatory evidence. Specifically, appellant complains that the State did not disclose appellant's signed waiver of counsel at the lineup, the name of the officer who selected the lineup participants, and the coat appellant was wearing at the time of his arrest.

In a claim of suppression of exculpatory evidence, the appellant must establish three elements: 1) the evidence has been suppressed by the prosecution after a request by the defense; 2) the evidence is of a favorable character for the defense; and 3) the evidence is material. *Boone v. State*, 629 S.W.2d 786, 790 (Tex.App.—Houston [14th Dist.] 1981, no pet.); *Ransonette v. State*, 550 S.W.2d 36, 39 (Tex.Crim.App.1976).

We are unable to conclude that appellant has established the threshold element. An item has not been suppressed if it has been tendered at trial. *Boone*, 629 S.W.2d at 790. The record reflects that appellant's signed waiver, the identity of Officer Wilkinson, and the coat were all available to appellant at trial.[2] Thus, appellant has failed to overcome the first prong of *Boone*. Accordingly, we overrule appellant's third, fourth, and fifth points of error.

### Points of error six and seven

In points of error six and seven, appellant contends that he was deprived of his constitutional rights under the sixth and fourteenth amendments because while defending himself *pro se*, he was excluded from the pretrial discovery process. As outlined above, appellant argues that the State failed to provide him with his signed waiver of counsel at the lineup, the name of the officer who selected the lineup participants, and the coat appellant was wearing at the time of his arrest. Appellant argues that by prohibiting him from participating in pretrial discovery, the trial court violated his rights under *Faretta v. California*, 422 U.S. 806, 836, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975), and

*McKaskle v. Wiggins*, 465 U.S. 168, 175, 104 S.Ct. 944, 951, 79 L.Ed.2d 122 (1984). In short, appellant argues that because he was acting *pro se*, he was entitled to participate in the pretrial process.

In *Faretta*, the United States Supreme Court recognized a defendant's sixth amendment right to conduct his own defense. *Faretta*, 422 U.S. at 836, 95 S.Ct. at 2541. The Court also held that a trial court may appoint "standby counsel" to assist the *pro se* defendant conduct his defense. *Id.*, 422 U.S. at 834, 95 S.Ct. at 2540.

In *McKaskle*, the Supreme Court addressed the role of standby counsel, clarifying the point at which standby counsel's assistance eradicates the defendant's *Faretta* rights when that assistance is against the defendant's wishes. The Court held that "[i]f standby counsel's participation over the defendant's objection effectively allows counsel to make or substantially interfere with any significant tactical decisions, or to control the questioning of witnesses, or to speak *instead* of the defendant on any matter of importance, the *Faretta* right is eroded." *McKaskle*, 465 U.S. at 179, 104 S.Ct. at 951. *Faretta* rights are adequately vindicated in proceedings outside the presence of the jury as long as the *pro se* defendant is allowed to freely address the court and any disagreements between standby counsel and the *pro se* defendant concerning matters normally left to the discretion of lead counsel are resolved in the defendant's favor. *Id.* The violation of a defendant's right to self-representation is always harmful. *McKaskle*, 465 U.S. at 177, n. 8, 104 S.Ct. at 950, n. 8.

Thus, in order to prevail, appellant must show that standby counsel's participation in discovery effectively allowed counsel to make or substantially interfere with significant tactical decisions, or to control the questioning of witnesses, or to speak *instead* of the defendant on any matter of importance. *McKaskle*, 465 U.S. at 179, 104 S.Ct. at 951. As we have discussed in points of error three through five, however, neither

---

**2.** The coat and the lineup sheet reflecting Officer Wilkinson's identity were actually admitted into evidence by appellant.

appellant's exclusion nor standby counsel's participation in pretrial discovery resulted in any cognizable injury to appellant. In *McKaskle* terms, the pretrial discovery procedure did not deprive appellant of any measurable degree of control over the tactical decisions of the case. Thus, appellant's *Faretta* rights were not violated in this case. We overrule appellant's sixth and seventh points of error.

### Point of error eight

In his eighth point of error, appellant complains that in order to exercise his right to self-representation, he was unconstitutionally forced to waive his right to effective assistance of counsel.

This argument is meritless. Although *Faretta* affords appellant the right to self-representation, "a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of effective assistance of counsel." *Faretta*, 422 U.S. at 834, n. 46, 95 S.Ct. at 2541, n 46; *Rodriguez v. State*, 763 S.W.2d 893, 896 (Tex.App.—San Antonio 1988, pet. ref'd). Appellant's choice to represent himself was in essence a decision to forego the constitutional right to effective assistance of counsel. Appellant simply cannot have it both ways. We overrule point of error eight.

### Point of error nine

In appellant's ninth point of error, he argues that the trial court's discovery order was unconstitutional because it ordered the prosecution to allow a general inspection while the law requires appellant to make specific requests.

We note that the record is void of any objection to the discovery order. Having raised this contention for the first time on appeal, appellant has waived any error. TEX. R.APP.P. 52(a).

We overrule point of error nine.

We affirm the judgment of the trial court.