Opinion issued February 12, 2004






     









In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00724-CR




LARRY RAY HOSEA, JR., Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 232nd District Court
Harris County, Texas
Trial Court Cause No. 870,834




MEMORANDUM OPINION

          A jury found appellant, Larry Ray Hosea, Jr., guilty of aggravated robbery and
assessed punishment at confinement for 20 years. On appeal, appellant contends (1)
the trial court erred in denying his motion to suppress evidence derived from a video
line-up, and (2) he received ineffective assistance of counsel.
          We affirm.
Facts & Procedural History
          On March 4, 2001, appellant noticed Ford Davis, complainant, as complainant
sat in his van at the Baybrook Mall parking lot in Houston, Texas. Appellant
approached complainant’s driver-side window, drew a knife, and ordered complainant
to turn over the money in his wallet. Complainant acquiesced, turning over the 12
dollars in his wallet. When appellant demanded complainant’s jewelry, however,
complainant resisted and a struggle ensued during which appellant stabbed
complainant nine times. 
          Two days after the robbery, Houston Police Sargent D. Defee presented
complainant a video line-up which showed appellant and five other men. After
watching the video line-up, complainant identified appellant as the robber with whom
he had struggled. 
          Before trial, appellant filed a motion to suppress the video line-up and
complainant’s out-of-court identification of appellant. Appellant also sought to
suppress any in-court identification complainant might make. After conducting a
hearing, the trial court denied appellant’s motion. At trial, the State presented
evidence of complainant’s out-of-court identification of appellant. The State also
introduced the testimony of complainant who made an in-court identification of
appellant.  
Motion to Suppress
          In his first point of error, appellant contends that the trial court erred in denying
his motion to suppress complainant’s out-of-court and in-court identifications because
the line-up viewed by complainant was impermissively suggestive and thus tainted
the identifications. Appellant’s contention that the line-up was impermissively
suggestive is based on the fact that appellant was heavier than the other men in the
line-up. Appellant asserts that “certainly such discrepancy in the physical appearance
of the persons viewed by the complainant made the entire procedure highly
suggestive—as the Appellant was the only ‘fat man’ in the whole line-up!” 
          We review the question of whether an identification procedure was so
impermissibly suggestive as to give rise to a very substantial likelihood of
misidentification under a de novo standard of review. Cienfuegos v. State, 113
S.W.3d 481, 491 (Tex. App.—Houston [1st Dist.] 2003, no pet.); see Loserth v. State,
963 S.W.2d 770, 772 (Tex. Crim. App. 1998).
          In our review, we first look to the totality of the circumstances surrounding the
identification to determine if the procedure was unnecessarily suggestive. Webb v.
State, 760 S.W.2d 263, 269 (Tex. Crim. App. 1988). If the identification procedure
is found to be impermissibly suggestive, we then consider the factors enumerated in
Neil v. Biggers to determine whether the suggestive procedure gave rise to a
substantial likelihood of irreparable misidentification. 409 U.S. 188, 199, 93 S. Ct.
375, 382; Cienfuegos, 113 S.W.3d at 491. A defendant bears the burden of
establishing by clear and convincing evidence that the pretrial identification
procedure was impermissibly suggestive. Cienfuegos, 113 S.W.3d at 491. 
          Though good practice dictates that the individuals in a line-up should be as
similar as possible, a pretrial identification procedure is not impermissibly suggestive
simply because the line-up members are not identical in appearance. Buxton v. State,
699 S.W.2d 212, 216 (Tex. Crim. App. 1985). Neither due process nor common
sense requires such exactitude. Id. A line-up becomes suggestive when the accused
is placed with persons of distinctly different appearance, race, hair color, height or
age. Withers v. State, 902 S.W.2d 122, 125 (Tex. App.—Houston [1st Dist.] 1995,
pet. ref’d). Minor discrepancies between line-up participants will not render a lineup
unduly suggestive. Id. 
          In the instant case, appellant’s challenge to the lineup is based on discrepancies
in the height and weight of appellant and the other individuals in the lineup. Indeed,
the record reflects the existence of overall disparities in the heights and weights of
appellant and the other individuals used in the lineup. However, the lineup, itself,
reflects that the men were all dressed in civilian clothes, had similar physical
characteristics and were of about the same age. Furthermore, the men all had a
similar complexion, similar hair color, and wore their hair in a similar fashion. 
Moreover, all the men in the line-up wore thin facial hair in either a moustache or
goatee pattern. 
          We conclude that the height and weight of appellant and the other members of
the line-up were not so distinctly different as to make the identification procedure
impermissibly suggestive. This is especially true in light of the overall similarities
in the men’s actual appearances, as reflected in the video line-up. We hold that
appellant has not shown by clear and convincing evidence that the line-up procedure
was impermissibly suggestive.
          We overrule appellant’s first point of error.
Ineffective Assistance of Counsel
          In his second point of error, appellant contends that he received ineffective
assistance of counsel during the guilt-innocence stage of his trial because his counsel 
conceded appellant’s guilt while cross-examining complainant. Specifically,
appellant complains of the following exchange:
[Defense counsel]:   Okay. Sure. Let’s talk about a couple things you were asked. I
guess first off you said–you made one statement, you said that
when you backed out of the car and let Mr. Hosea go that he got
up and took off, correct? 
 
[Complainant]:         That’s correct.



 
[Defense counsel]:   Okay. I know that you made reference to some statement or a
statement he made about you and your daughter. But during
this entire episode he didn’t in any way physically injure Amy,
did he?
 
[Complainant]:         No.
 
[Defense counsel]:   Okay. I just want to make sure that the tussle, the fight that took
place, that was the physical fight that took place or struggle just
between you and Larry Hosea, correct?
 
[Complainant]:         That’s correct.

Appellant asserts that trial counsel’s questions were such that the jury could do
nothing but understand them to be a concession of guilt. Without trial counsel’s
concession, appellant concludes, the outcome of appellant’s trial would have been
different.
          Under both the United States Constitution and the Texas Constitution, an
appellant claiming ineffective assistance of counsel must show that (1) counsel’s
performance was so deficient that he was not functioning as acceptable counsel under
the sixth amendment, and (2) but for counsel’s error, the result of the proceedings
would have been different. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 
2052, 2064 (1984); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999);
Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.). 
Whether this standard has been met is to be judged by the totality of the
representation rather than isolated acts or omissions of trial counsel. Ex parte Kunkle,
852 S.W.2d 499, 505 (Tex. Crim. App. 1993). 
           The review of counsel’s representation indulges a very strong presumption that
counsel’s conduct falls within a wide range of satisfactory representation. Davis v.
State, 930 S.W.2d 765, 767 (Tex. App.—Houston [1st Dist.] 1996 pet. ref’d).
Allegations of ineffective assistance of counsel must be firmly founded in the record. 
Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). It is the defendant’s
burden to prove ineffective assistance of counsel by a preponderance of the evidence. 
Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Gamble, 916 S.W.2d at 93.
          In the instant case, appellant failed to file a motion for new trial, and therefore
failed to develop a record regarding trial counsel’s strategy. See Kemp v. State, 892
S.W.2d 112, 115 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d). Nevertheless, a
thorough review of the record, reveals that appellant was not denied effective legal
assistance. Appellant’s trial counsel secured a submission to the jury regarding the
lesser included offense of robbery, actively sought the exclusion of the State’s
evidence, conducted thorough cross-examinations, and filed appropriate and timely
objections. In addition, at the punishment phase, he called two witnesses to challenge
the state’s evidence regarding appellant’s violent nature. Considering the totality of
representation , instead of focusing on the isolated act mentioned above, we hold that
appellant has failed to prove trial counsel’s ineffectiveness by a preponderance of the
evidence.
          We overrule appellant’s second point of error.
Conclusion
          We affirm the judgment of the trial court.
 

 
                                                             Laura Carter Higley
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Jennings and Higley.
Do not publish. Tex. R. App. P. 47.2(b).