Affirmed and Memorandum Opinion filed February 28, 2008








Affirmed and Memorandum Opinion filed February 28, 2008.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00244-CR

_______________

 

HENRY CHAVEZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                            
   

On Appeal from the 183rd District Court

 Harris County, Texas

Trial Court Cause No. 1103047

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

Appellant, Henry Chavez, appeals his
aggravated robbery conviction on the grounds that the trial court erroneously
denied his motion to suppress in court identification of the defendant. 
Appellant contends that the identification was based upon an impermissibly
suggestive pre-trial lineup.  We affirm.








Background

On March 7, 2006, Rosa Nieto (Nieto),
a Louisiana resident visiting family in Houston, was robbed at gunpoint in the
parking lot of a Fiesta grocery.  At approximately 9 p.m., she, her father, and
a niece had just re-entered the niece=s maroon pickup truck when a man
suddenly opened the driver=s side door and forcefully dragged the niece from the
vehicle.  Simultaneously, another man accosted Nieto=s husbandBapparently pulling him from the truck
as well.  Nieto, initially watching her niece being dragged from the truck,
turned to see her father but was forestalled when a pistol was pressed against
her head.  She was told to give the assailant her purse.  (It is unclear
exactly when she exited the vehicle, but she did so at some time during this
exchange.)  She was unable to comply immediately, so her assailant turned her
toward him, where he faced her at close range under a parking lot light pole,
and repeated his demand.  Nieto told him she was unable to comply as she had
put her purse in the backseat with the groceries.  He told her to retrieve it,
but the door was locked because in the interim one of the assailants had
entered the truck and locked the doors.  This accomplice drove away in the
maroon truck and, subsequently, Nieto=s assailant entered another waiting
vehicle and fled the scene.

The police were called, and Nieto=s father was taken to a nearby
hospital.  Nieto gave the police a description of her assailant, noting he was
between 5'2_ and 5'4_, Hispanic, between 140 and 160
pounds, from 16 to 18 years old, and had light facial hair.  The truck,
equipped with a Lojack system, was located at approximately 2 a.m. by a patrol
officer.  The driver of the stolen truck pulled over, and after a brief tussle
with the patrol officer, fled the scene with one of his accomplices.  The other
two occupants stayed in the truck until the officer removed them and searched
them, finding a magazine for a .380 pistol in appellant=s back pocket.  A Colt .380 pistol
was discovered in the front seat of the truck along with some of the stolen
materials belonging to Nieto and her father. 








Three days after the robbery, Nieto
and her niece were brought in to identify their assailants, and seven short-haired
Hispanic men, between the ages of 17 and 22, Awith facial . . . light or facial
hair,@ were put into the line-up. Appellant
and one of the other individuals from the truck, Javier Martinez, were among
the seven.  According to Rodriguez, the officer in charge of the line up, the
men were Asimilar looking.@  Amongst the men in the line up it is uncontested that
appellant was the shortest by at least three inches.  Likewise, appellant
claims the man closest to him in height had no visible facial hair (a point
that is in contention with the testimony of Officer Rodriguez that each has Alight or facial hair@).  The court nonetheless refused to
suppress the identification of appellant.

Appellant contends that the
identification was unreasonably suggestive, and that he had no role in the
robbery.  At trial, the defense called appellant=s mother, brother, and one of
appellant=s mother=s friends to provide an alibi.  All testified that appellant was at home
until 10:30 pm, when a maroon pickup truck picked him up to go out.  

Standard of Review

When faced with a challenge to an
in-court identification, courts must look to the totality of the circumstances
surrounding the identification to determine if the procedure used was
unnecessarily suggestive, and hence makes reliance upon that identification
unreliable.  Woodard v. State, No. 74,080, 2004 WL 77143, *6 (Tex. Crim.
App. 2004); Loserth v. State, 963 S.W.2d 770, 771-72 (Tex. Crim. App.
1998).  For the identification to be held to be unreliable, the defendant must
demonstrate by clear and convincing evidence that the impermissible suggestion
created a very substantial likelihood of misidentification.  Barley v.
States, 906 S.W.2d 27, 33-34 (Tex. Crim. App. 1995); Harris v. State,
827 S.W.2d 949 (Tex. Crim. App. 1992).   Even if the procedure is found to be
unnecessarily suggestive, if there is no substantial likelihood of
misidentification, under a totality of the circumstances test, it will be
deemed reliable.  Lewis v. State, No. 14-05-00438-CR, 2006 WL 2009088 at
*4, (Tex. App.CHouston [14th Dist.] 2006, pet. ref=d) (citing Webb v. State, 760
S.W.2d 263, 269 (Tex. Crim. App. 1988)).  








In any evaluation of a challenged
pre-trial identification, we employ a two step test gauging if: (1) the
pre-trial identification was impermissibly suggestive; and (2) the suggestive
procedure gave rise to a very substantial likelihood of irreparable
misidentification.  Delk v. State, 855 S.W.2d 700, 706 (Tex. Crim. App.
1993).  Our first consideration is whether the pretrial identification was
impermissibly suggestive.  Barley, 906 S.W.2d at 33-34; Santos v.
State, 116 S.W.3d 447, 455 (Tex. App.CHouston [14th Dist.] 2003). With
regard to this first step, suggestiveness may be created in the manner in which
the pretrial identification was conducted, such as having a police officer
point to the person he believes is the guilty party, or it can be the result of
the accused=s being the only person in the line up who fits the pre-identification
description.  Barley, 906 S.W. at 33.  Second, if the procedure was
impermissibly suggestive, we consider the reliability factors set forth in Neil
v. Biggers and discussed below.   409 U.S. 188, 198 (1972); see Loserth,
963 S.W.2d at 771-72; Santos, 116 S.W.3d at 455.  We defer to the trial
court=s determinations of these historical
facts, if supported by the record, when they are contingent upon the
credibility or demeanor of witnesses.  Loserth, 963 S.W.2d at 772-73. 
However, in interpreting mixed questions of fact and law, not contingent upon
the credibility or demeanor of witnesses, we apply a de novo standard.  Id.

Analysis








Appellant alleges that he was picked
out of a line-up in which he was the only individual to fit the
pre-identification description, leading to an impermissibly suggestive
identification.  While in an ideal line up every person would have nearly
identical features, neither due process nor common sense so require.  Dickson
v. State, 492 S.W.2d 267, 271 (Tex. Crim. App. 1974); see also Buxton v.
State, 699 S.W.2d 212, 216 (Tex. Crim. App. 1985).  Minor discrepancies do
not render a line-up unduly suggestive, nor do we require the members of the
line up be identical to each other.  Buxton, 699 S.W.2d at 216; Brown
v. State, 29 S.W.3d 251, 254 (Tex. App.CHouston [14th Dist.] 2000, no pet.)
(citing United States v. Wade, 388 U.S. 218, 233 (1967)).  Only when the
individuals in a line up are grossly dissimilar in appearance is the
line up considered unduly suggestive. Id.  Among the unduly suggestive
procedures would be Aputting a tall suspect in a line up with much shorter individuals
or a teenager with others over forty years in age.@  Wade, 388 U.S. at 232 (emphasis
added).  However, differences of forty pounds, height differences of 5
inches, and an age range of twenty years have all been found to be within a
reasonable range of differences.  State v. Withers, 902 S.W.2d 122, 125
(Tex. App.CHouston [1st Dist.] 1995, pet. ref=d).

Appellant=s primary contention is that the seven
men in the line up were of such unequal age and height as to create a situation
in which only he could have been picked out and identified as the assailant
based upon the pre-identification description.  Appellant first complains of
the age-spread, but this complaint is easily dispensed of given the close ages
(17-22) of the men in the line up.  See Wade, 388 U.S. at 232 (noting an
impermissible line-up would be one where a teenager was in a line-up with
others over 40 years old).  With regards to his second allegation, though the
record does not state the actual heights, there is uncontested testimony that a
gap of only two or three inches differentiated Chavez from the next tallest
individual (though there is also testimony that this particular individual had
no facial hair).  Likewise, Chavez contends that the next shortest was at least
six inches taller.  While there is some distinction, and though height is a
valid consideration, we find the height range to be well within the acceptable
range of differences.  Therefore, the line up procedure was not impermissibly
suggestive. See Brown, 29 S.W.3d at 254 (noting that participants need
not be identical, and that minor differences are acceptable and do not render a
line up impermissibly suggestive); Wade, 388 U.S. at 232 (noting that
impermissibly suggestive procedures are those in which the appearance of the
suspect is grossly different from that of the others in the line-up).  

 








Conclusion

We find that the procedure used was
not impermissibly suggestive.  Accordingly, we hold that the trial court did
not err in denying Chavez=s motion to suppress the pre-trial identification and the
judgment of the trial court is affirmed.

 

 

 

/s/        Frank C. Price

Senior Justice

 

Judgment rendered and Memorandum
Opinion filed February 28, 2008.

Panel consists of Chief Justice
Hedges, Justice Anderson, and Senior Justice Price.*

Do not publish C Tex.
R. App. P. 47.2(b).

 

 

 

 









*           Senior
Justice Frank C. Price sitting by assignment.