COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| JOHN HOEFNER, | | No. 08-07-00017-CR |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| V. | | 243rd District Court |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC# 20060D03452) |
| | § | |
| | § | |

**O P I N I O N**

John Hoefner appeals his conviction for the offense of solicitation to commit sexual assault against a minor, Count I. Appellant was sentenced by a jury to 10 years' confinement and fined $8,000. On appeal, Appellant raises ten issues for our review. In Issues One through Four, Appellant contends he was denied effective assistance of counsel by trial counsel's failure to object to the prosecutor's voir dire comments regarding Appellant's decision not to testify in his own defense. Issue Five challenges the trial court's denial of Appellant's motion to suppress the photo-lineup identification. Similarly, in Issue Six, Appellant argues he was denied effective assistance of counsel regarding the motion to suppress. In Issue Seven, Appellant contends the prosecutor asked an improper commitment question during voir dire, and argues defense counsel's failure to object to the question constituted ineffective assistance of counsel. In Issue Eight, Appellant asserts the State violated the trial court's pretrial order and Appellant's request for notice of the State's intent to offer evidence of extraneous offenses by introducing evidence

that Appellant was being monitored by the El Paso Police Department's Sexual Offenders and Registration Tracking Unit. In Issue Nine, Appellant argues the State intentionally used false evidence during the guilt-innocence phase of trial. In Issue Ten, Appellant argues the trial court erred by allowing the alleged victim to testify about what he thought would have happened if he had accepted Appellant's offer to engage in oral sex.

On December 16, 2005, C.B., then a freshman at Andress High School, was walking to school when he noticed a red pick-up following him. The truck followed him for several seconds, and then sped in front of him and stopped. C.B. looked into the truck and saw a white male in the driver's seat. He did not recognize the man. The driver stared at C.B. for a few moments, and then started talking to the boy. The driver asked C.B. if he wanted to make fifty dollars. C.B. asked how, and the driver told him he would give him money if the boy allowed him to perform oral sex on him. C.B. told the driver no, and to leave him alone, and continued walking to school. The truck drove away.

That evening, C.B. told his mother what happened. The next day, C.B. filed a police report about the incident. The report made its way to the El Paso Police Department's Crimes against Children Unit and was assigned to Detective Link Brown on January 24, 2006. Detective Brown interviewed C.B. the next day. After the interview, Detective Brown showed C.B. a photo lineup, and C.B. identified Appellant as the person who approached him in December. C.B. also identified Appellant's red pick-up truck as the vehicle Appellant was driving. Following C.B.'s identification, Detective Brown obtained an arrest warrant for Appellant for the offense of criminal solicitation of a minor with intent for sexual assault.

We first address Issue Five regarding the trial court's denial of his motion to suppress.

Prior to trial, defense counsel filed a motion to suppress C.B.'s photo-lineup identification of Appellant. According to the motion, the photo array was improperly suggestive and not admissible as evidence. The trial court heard evidence and argument on the motion on October 19, 2006, and denied the motion by written order on November 14, 2006.

We review a trial court's ruling on a motion to suppress with a bifurcated standard, giving almost total deference to the trial court's determination of historical facts, and reviewing *de novo* the court's application of the law to those facts. *See Maxwell v. State*, 73 S.W.3d 278, 281 (Tex.Crim.App. 2002). When, as in this case, the trial court does not file explicit findings of fact, we will review the evidence in the light most favorable to the trial court's ruling. *Id.*

A pretrial photographic lineup is impermissibly suggestive when the identification procedures used by the police were so unnecessarily suggestive as to present a very substantial likelihood of misidentification. *Simmons v. United States*, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968); *Barley v. State*, 906 S.W.2d 27, 32-3 (Tex.Crim.App. 1995). Suggestiveness may be created by the procedure used by the police when the lineup is presented to the witness, or by the content of the lineup itself. *Barley*, 906 S.W.2d at 33. While impermissible suggestiveness constitutes a violation of due process, suggestiveness on its own is not unlawful. *Id.* We must examine the totality of the circumstances to determine whether the identification was reliable so that its in-trial use does not offend the defendant's right to due process of law. *See id.* at 32-3.

When, as in this case, the appellant challenges the lineup on the basis that the other participants were so dissimilar from the physical description provided by the victim, we compare Appellant's photograph to the other individuals included in the array to determine whether the

-3-

other individuals were so dissimilar from Appellant as to suggest an identification. *See Withers v. State*, 902 S.W.2d 122, 125 (Tex.App.--Houston [1st Dist.] 1995, pet. ref'd). A lineup is considered unduly suggestive when the other participants are greatly dissimilar in appearance, or when the accused is placed in a group of other individuals who are distinctly different in appearance, race, hair, height, or age. *Id.* Minor discrepancies between lineup participants do not render a lineup unduly suggestive. *Id.*

Appellant argues that the photo array provided to C.B. was unduly suggestive because: (1) Appellant was the only caucasian male in the array; and (2) Appellant was the only individual in the array without facial hair, which Appellant argues is inconsistent with C.B.'s description that the man who propositioned him had a goatee-type beard. We disagree with Appellant's argument on both points. At least two of the other men included in the photo array appear to be of anglo decent, and all of the individuals, including Appellant, appear to have facial hair. In addition, all the individuals appear to be of approximately the same age, build, and have similar hair length. Accordingly, Appellant has not demonstrated the array was unduly suggestive, and has failed to establish the trial court abused its discretion by denying his motion to suppress. *See Johnson v. State*, 901 S.W.2d 525, 535 (Tex.App.--El Paso 1995, pet. ref'd). Issue Five is overruled.

In Issues One through Four, Appellant contends he was denied his constitutional right to effective assistance of counsel by trial counsel's failure to object what Appellant argues were several violations of his right not to testify by the prosecuting attorney. Likewise, in Issue Seven, Appellant asserts trial counsel was constitutionally deficient by failing to object to an allegedly improper commitment question posed by the prosecutor during voire dire. We review claims of

constitutional ineffective assistance of counsel according to the two-step analysis promulgated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 693-94, 104 S.Ct. 2052, 2067-68, 80 L.Ed.2d 674 (1984). *See Mallet v. State*, 65 S.W.3d 59, 62-3 (Tex.Crim.App. 2001). First, the appellant must show, by a preponderance of the evidence, that his counsel's performance was deficient according to an objective standard of reasonableness under prevailing professional norms. *Mallet*, 65 S.W3d at 62-3. Second, the appellant must demonstrate that counsel's deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. To establish prejudice, the appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. at 694, 104 S.Ct. at 2068. A reasonable probability is "sufficient to undermine confidence in the outcome." *Id*. This two-step process is used to judge whether counsel's conduct so compromised the proper functioning of the adversarial process, that the results of the trial are questionable. *Mallett*, 65 S.W.3d at 63. Appellate review of counsel's performance is highly deferential, and presumes that counsel's actions fell within the wide range of reasonable professional assistance. *Tong v. State*, 25 S.W.3d 707, 712 (Tex.Crim.App. 2000). The ultimate burden to overcome this presumption falls on the appellant. *See Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065.

To defeat the presumption of reasonable professional assistance, and establish a deficient performance by a preponderance of the evidence, the appellant must present a record which affirmatively demonstrates the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 814 (Tex.Crim.App. 1999). When, as in this case, the record is silent as to why counsel failed to object to the statements Appellant now claims were a violation of his right not to testify, there is

insufficient evidence to overcome the presumption that counsel's actions were part of a strategic plan, and therefore within the wide range of reasonable professional assistance. *See Tong*, 25 S.W.3d at 714. Therefore, Issues One through Four and Seven are overruled.

Similarly in Issue Six, Appellant contends he was deprived of effective assistance of counsel during the suppression proceedings. Appellant contends that throughout the suppression hearing, defense counsel misstated the name of the victim of the December 16, 2005 offense, and referred to another alleged solicitation victim who was similarly solicited by Appellant on January 18, 2006. Appellant argues that counsel's confusion concerning the dates of the offenses related to the date of C.B.'s photo identification of Appellant lead the trial court to believe C.B.'s identification was made two days after the alleged offense, rather then the actual forty-five days between the offense and C.B.'s identification. Appellant concludes that had defense counsel been clear regarding the delay between the offense and the identification, the trial court would likely have granted the motion to suppress.

Again, the record does not provide an explanation for trial counsel's apparent confusion during the suppression hearing. The record does indicate, however, that the trial judge clarified the time period between the alleged offense and C.B.'s identification, prior to the close of the hearing. Accordingly, even if we were to assume that counsel's performance at the suppression hearing was constitutionally deficient, Appellant has failed to demonstrate how that deficiency prejudiced the outcome of the proceedings. *See Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. Issue Six is overruled.

In Issues Eight and Nine, Appellant challenges the State's use of evidence that he was being investigated by the El Paso Police Department's Sexual Offenders And Registration

Tracking Unit (SORT), prior to his arrest. Appellant contends the introduction of this evidence was a violation of his pretrial request for notice of the State's intent to use extraneous offense evidence, and that the prosecuting attorney misrepresented the events surrounding Appellant's arrest by presenting the evidence. Appellant's trial counsel, however, failed to object to the SORT officer's testimony during trial. In order to preserve a complaint for appellate review, the record must demonstrate Appellant made a timely and specific objection to the evidence, and that the objection was ruled on by the trial court. *See* TEX.R.APP.P. 33.1(a). Because the record in this case does not demonstrate Appellant objected to the SORT testimony, Appellant's complaints have not been preserved for our review. Accordingly, Issues Eight and Nine are overruled.

In Issue Ten, Appellant contends part of C.B.'s testimony constituted inadmissible speculation and should have been excluded. The entire discussion of Issue Ten consists of two paragraphs of conclusory statements about the potentially improper inferences the jury could have drawn from C.B.'s testimony. Rule 38.1(i) of the Texas Rules of Appellate Procedure requires that an appellant's brief contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX.R.APP.P. 38.1(i). By failing to provide the Court with substantive analysis of the issue, supported by citation to appropriate legal authority, Appellant has waived his complaint. *See Salazar v. State*, 38 S.W.3d 141, 147 (Tex.Crim.App. 2001). Issue Ten is overruled.

Additionally, the trial court certified that Appellant had the right to appeal but the certification does not contain the defendant's signature indicating that he was informed of his rights to appeal and file a *pro se* petition for discretionary review. The certification is defective

-7-

but is has not been corrected by the trial court or Appellant's attorney. In order to remedy this defect, we ORDER Appellant's attorney, pursuant to TEX.R.APP.P. 48.4, to send Appellant a copy of our opinion and judgment, notify Appellant of his right to file a *pro se* petition for discretionary review, and inform Appellant of the pertinent deadlines. *See* TEX.R.APP.P. 48.4, 68. Appellant's attorney is further ORDERED to comply with all of the requirements of Rule 48.4.

Having overruled all of Appellant's issues, we affirm the trial court's judgment.


March 17, 2010

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)