AFFIRM; Opinion issued September 19, 2012



In The

Court of Appeals

Fifth District of Texas at Dallas

No. 05-11-01116-CR
No. 05-11-01117-CR

TADAREOUS JACKSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 5
Dallas County, Texas
Trial Court Cause Nos. F09-53871-L and F09-53872-L

## MEMORANDUM OPINION

Before Justices Morris, Francis, and Murphy
Opinion By Justice Francis

A jury convicted Tadareous Jackson of two aggravated robberies, and the trial court assessed punishment at concurrent sixty-year sentences. In two issues, appellant challenges the admissibility of the in-court identifications by the two complaining witnesses and the sufficiency of the evidence to support his convictions. We conclude neither issue has merit and affirm the trial court's judgments.

Erika Reyes and Linda Leach worked at Hillburn Hills apartment complex. Reyes was the business manager and Leach was a leasing agent. On the morning of March 9, 2009, a man, who both identified at trial as appellant, came into the office and asked about leasing an apartment. Leach gave him a brochure, and appellant said he would be back later. About forty-five minutes later, appellant

returned and asked for an application. Leach gave him an application and thought he had left. She and Reyes were standing in Leach's office when appellant appeared, pointed a gun at them, and demanded they give him their purses. Leach gave him her purse, but Reyes said her purse was in her office. Appellant told Leach to get on the floor and not move or look at him. He held the gun on Reyes and followed her to her office, tapping her with the gun on the back of her head as they walked. Once Reyes gave him her purse, appellant told her not to come out of the office, and he left. Reyes locked her office door and called the police. Appellant went back through Leach's office and touched Leach on her "private" before running out the door. Leach waited a few minutes and then, like Reyes, called the police. Both Reyes and Leach testified they feared for their life during the encounter.

Cedric Spencer was waiting at a nearby bus stop when he saw a man walking "pretty fast" carrying "junk in his arms." The man stopped by a red car with an old gray hood; Spencer said it looked like a "fix-up job." The man then got into the car and drove off. A few minutes later, the police pulled up and asked if he had seen anybody or anything. Spencer told him what he had just seen. Evidence at trial showed that the mother of appellant's child owned a red car with a gray hood.

On the day of the robbery, maintenance workers at the apartment complex found the four-page application form that Leach said she had "marked up" and gave to appellant. The document was turned over to police. A fingerprint expert testified that a fingerprint on the document belonged to appellant.

Eighteen days after the robbery, Detective Doug Jones separately showed Leach and Reyes photographic arrays; appellant's photograph was included. Reyes testified the officer showed her six pictures one by one, and she tentatively identified photo five, which was appellant's, saying he "looks familiar" but "not sure." Leach narrowed it to two photographs, one of which was appellant, and said, it "looks more like him." At trial, Leach said she had "no doubt" appellant was the person who robbed

her.

In his second issue, appellant contends the evidence was legally insufficient to support his conviction because the State failed to prove he was the person who committed the aggravated robbery.

When assessing whether evidence is legally sufficient to support a conviction, we review all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The jury, as sole judge of the witnesses' credibility and the weight to be given their testimony, is free to accept or reject any and all evidence presented by either side. *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000).

Here, the evidence identifying appellant as the robber is as follows. Eighteen days after the robbery, Reyes and Leach tentatively identified appellant from a photograph lineup and then identified him in court as the man who came into the office asking for an application and then robbed them at gunpoint. Maintenance workers found the application given to appellant on the apartment grounds the same day of the robbery, and a fingerprint expert testified a fingerprint on the application belonged to appellant. A witness at a nearby bus stop near the time of the robbery testified he saw a man leaving the area in red car with an old gray hood that looked like it was being "fixed up." Other evidence showed the description of the car matched a vehicle belonging to the mother of appellant's child. In sum, the jury had identification and fingerprint evidence as well as the description of an unusual looking car associated with appellant in the neighborhood at the time of the robbery.

Appellant challenges the credibility of the complaining witnesses' in-court identifications of him, saying they were unable to identify him from a photographic lineup eighteen days after the robbery but were able to positively identify him in court two years after the offense occurred. Additionally, he attempts to diminish the importance of the fingerprint evidence by asserting that it was

–3–

unclear exactly where the application was found and who found it. But the credibility of witnesses and the weight to be given their testimony or other evidence were matters for the jury to decide. Viewing the evidence in the light most favorable to the verdict, we conclude the evidence was legally sufficient to prove beyond a reasonable doubt that appellant was the person who robbed Leach and Reyes at gunpoint. We overrule the second issue.

In his first issue, appellant contends the trial court erroneously admitted the in-court identifications by Leach and Reyes because they were tainted by an impermissibly suggestive photo lineup. Appellant complains the photographic array was impermissibly suggestive because his photograph was different than the others; specifically, he complains his face is closest to the frame of the photo and his face is so large in the frame that his left ear is not visible.

To establish error by the trial court in admitting the in-court identifications by Leach and Reyes, appellant first had to prove by clear and convincing evidence and based on the totality of the circumstances that the photographic array procedure used was impermissibly suggestive. *See Barley v. State*, 906 S.W.2d 27, 33-34 (Tex. Crim. App. 1995). A pretrial procedure may be suggestive, but that does not necessarily mean it is impermissibly so. *Id.* at 34. Suggestiveness may be implicated by the manner a pretrial identification procedure is conducted, as in suggesting a suspect is included in the array, or by the content of the photo array itself, such as when the suspect is the only individual who closely resembles the pre-procedure description. *See id.* at 33. A photo lineup is considered unduly suggestive if the appearance of the other participants is greatly dissimilar from the suspect. *Withers v. State*, 902 S.W.2d 122, 125 (Tex. App.–Houston [1st Dist. 1995, pet. ref'd). A suspect may be greatly dissimilar in appearance from the other participants based on a distinctly different appearance, race, hair color, height, or age. *See id.* However, minor discrepancies among lineup participants will not render a lineup impermissibly suggestive. *See Partin v. State*, 635 S.W.2d 923,

926 (Tex. App.–Fort Worth 1982, pet. ref'd).

Here, appellant does not complain about the process used by the officer in conducting the photo lineup; he challenges only the content of the photographic arrays. We have reviewed the photographic arrays shown to both complaining witnesses. The arrays contain the same photographs depicting head shots of appellant and five other men. Although appellant appears to be in slightly closer focus than the others, the other individuals in the array are similar in appearance to appellant. All are young, black men with short haircuts and similar facial features and skin tones. The camera angle on appellant is a minor difference and does not render the array impermissibly suggestive. *See Mendoza v. State*, No. AP-75213, 2008 WL 4803471, at *25 (Tex. Crim. App. Nov. 5, 2008) (not designated for publication) (concluding array depicting appellant in closer focus than other suspects not impermissibly suggestive); *see also United States v. Bautista*, 23 F.3d 726, 731 (2d Cir. 1994) (concluding slightly brighter and more close-up photograph did not render photographic array more suggestive; the differences "would hardly suggest to an identifying witness that [the defendant] was more likely to be the culprit"); *State v. Anthony*, 857 S.W.2d 861, 867 (Mo. App. W.D. 1993) (concluding photograph taken at slightly closer distance than others was "minor" difference that did not render photographic array impermissibly suggestive). We overrule the first issue.

We affirm the trial court's judgments

MOLLY FRANCIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
111116F.U05

–5–