NO. 07-02-0474-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 18, 2005



______________________________




JOSE REY VASQUEZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 100TH DISTRICT COURT OF CHILDRESS COUNTY;



NO. 4433; HONORABLE DAVID M. McCOY, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Following a plea of not guilty, appellant Jose Rey Vasquez was convicted by a jury
of driving while intoxicated and punishment was assessed at ten years confinement and
a $2,000 fine. By his first two points of error, appellant contends the evidence is legally and
factually insufficient to support his conviction. By his third and fourth contentions, he
maintains the trial court erred in denying his motion to suppress the audio and videotape
and breath test results in violation of his Fifth and Fourteenth Amendment rights against
self-incrimination because he was interrogated prior to being given his Miranda (1) warnings. 
He further argues the trial court's ruling violated his rights under article 38.22 of the Texas
Code of Criminal Procedure and article I, sections 10 and 19 of the Texas Constitution. By
points five and six, appellant asserts his right to be free from unreasonable search and
seizure under the Fourth Amendment of the United States Constitution and article I, section
9 of the Texas Constitution was violated when the trial court denied the motion to suppress
the audio and videotape and breath test results which were obtained without a warrant after
he was stopped and detained without reasonable suspicion. By his final contention,
appellant maintains the trial court erred in failing to submit his requested charge regarding
the voluntariness of his custodial statements. We affirm.

 On the night of November 11, 2001, after Trooper Clay Shelton and his partner
Jodie Tullos had completed a motorist assist call on a highway, Tullos noticed appellant
drive by in a car that did not appear to have the rear license plate lamp illuminated. Shelton
decided to stop appellant for the traffic violation. After approaching the driver's side of
appellant's car, he noticed an open beer can in the front seat within reach. He directed
appellant to exit the car to determine if he was able to drive. He also detected an odor of
alcohol and asked appellant how much alcohol he had consumed to which appellant
responded one beer.

 A variety of field sobriety tests were administered on the scene which appellant did
not satisfactorily complete. This lead Shelton to believe appellant had consumed more
than one beer and again asked him how much he had consumed. Appellant admitted
drinking three beers. Results from a portable breath test showed appellant was legally
intoxicated and he was arrested for driving while intoxicated and transported to the county
jail. He then voluntarily gave two breath samples for an intoxilizer test; the results were
0.134 and 0.131.

 By his first two points of error, appellant contends the evidence is insufficient to
support his conviction. Because the sufficiency of the evidence turns upon the propriety
of the trial court's ruling on the motion to suppress, we initially address appellant's third,
fourth, fifth, and sixth points, by which he contends the trial court erred in denying his
motion to suppress the audio and videotape of the stop and the breath test results in
violation of his right against self-incrimination and his right to be free from unreasonable
searches and seizures. He bases his contentions on the Fourth, Fifth, and Fourteenth
Amendments of the United States Constitution, article I, sections 9, 10, and 19 of the Texas
Constitution, and article 38.22, section 3(a) of the Texas Code of Criminal Procedure. 

 The standard of review for the trial court's ruling on a motion to suppress is abuse
of discretion. See Oles v. State, 993 S.W.2d 103, 106 (Tex.Cr.App. 1999). In a
suppression hearing, the trial court is the sole trier of fact and judge of the credibility of the
witnesses and the weight to be given their testimony. State v. Ross, 32 S.W.3d 853, 855
(Tex.Cr.App. 2000). Thus, the trial court is entitled to believe any or all of a witness's
testimony. Id. The evidence should be viewed in the light most favorable to the trial court's
ruling. See State v. Ballard, 987 S.W.2d 889, 891 (Tex.Cr.App. 1999). Moreover, we
should afford almost total deference to the trial court's determination of historical facts that
the record supports, especially when the fact findings are based upon an evaluation of the
witness's credibility and demeanor. Ross, 32 S.W.3d at 856 (citing Guzman v. State, 955
S.W.2d 85, 89 (Tex.Cr.App. 1997)).

 By his motion to suppress, appellant challenged the lawfulness of the stop and the
evidence admitted resulting from the stop. Relying on Jordy v. State, 969 S.W.2d 528
(Tex.App.-Fort Worth 1998, no pet.), he argues on appeal that he was in custody during
the stop and that any statements made without first being given his constitutional and
statutory warnings should have been suppressed. He further asserts he was harmed by
the admission of the evidence. We disagree.

 The State had the burden at the suppression hearing to show Shelton had at least
a reasonable suspicion that appellant had either committed an offense or was about to do
so before he made the stop. Russell v. State, 717 S.W.2d 7, 9-10 (Tex.Cr.App. 1986). 
That determination is based upon the totality of the circumstances, and there is no
requirement that a particular statute be violated to give rise to reasonable suspicion. Texas
Dept. of Public Safety v. Bell, 11 S.W.3d 282, 284 (Tex.App.-San Antonio 1999, no pet.). 

 An investigatory stop of a vehicle or person by the police does not violate the Fourth
Amendment if articulable facts support a reasonable suspicion that the vehicle or person
stopped has been or is involved in criminal activity. United States v. Cortez, 449 U.S. 411,
421-22, 101 S. Ct. 690, 697, 66 L.Ed.2d 621 (1981). A reasonable suspicion exists if a
reasonable person in the position of the officer making the stop, with the training and
experience of the officer, and with the knowledge possessed by the officer, could suspect
that the vehicle or person stopped has been or is connected to criminal activity. Cortez,
449 U.S. at 421-22. The standard used to measure the conduct of police under the Texas
Constitution is, like its federal counterpart, an objective one. Crittenden v. State, 899
S.W.2d 668, 673-74 (Tex.Cr.App. 1995).

 At the hearing on the motion to suppress, Shelton testified that when he observed
appellant's car, he believed the rear license plate light was not operational. (2) Failure to have
a light that illuminates the rear license plate for a distance of 50 feet is a traffic violation. 
See Tex. Trans. Code Ann. §§ 542.301(a) & 547.322(f) (Vernon 1999); State v. McCall,
929 S.W.2d 601, 603 (Tex.App.-San Antonio 1996, no pet.). Thus, under the
circumstances presented at the precise moment Shelton observed appellant's car, he had,
not only reasonable suspicion, but also, probable cause to believe he was witnessing a
violation of the law. Foster v. State, 814 S.W.2d 874, 878 (Tex.App.-Beaumont 1991, pet.
ref'd). The State need not establish with absolute certainty that a violation occurred in
order to show reasonable suspicion. Garcia v. State, 43 S.W.3d 527, 530 (Tex.Cr.App.
2001). Based on the totality of the circumstances, Shelton's specific, articulable facts, in
light of his experience and personal knowledge, together with inferences from those facts,
were sufficient to support the trial court's ruling that the stop was justified. Singleton v.
State, 91 S.W.3d 342, 347-48 (Tex.App.-Texarkana 2002, no pet.). 

 Appellant further argues he was in custody when he was detained. The Court of
Criminal Appeals has determined that a traffic stop does not constitute "custody" for
purposes of Miranda. State v. Stevenson, 958 S.W.2d 824, 828 (Tex.Cr.App. 1997), (citing
Berkemer v. McCarty, 468 U.S. 420, 440, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984)). 
Custodial interrogation is questioning initiated by law enforcement officers after a person
has been taken into custody or otherwise deprived of his freedom in any significant way. 
Cannon v. State, 691 S.W.2d 664, 671 (Tex.Cr.App. 1985) (citing Miranda v Arizona, 384
U.S. 436, 86 S.Ct.1602, 16 L.Ed.2d 694 (1966)). In determining whether an individual is
in custody, the court must examine all of the circumstances surrounding the interrogation,
but "the ultimate inquiry is simply whether there was a formal arrest or restraint of
movement of the degree associated with formal arrest." California v. Behler, 463 U.S.
1121, 1125, 103 S.Ct. 3517, 3520, 77 L.Ed.2d 1275, 1279 (1983).

 The Court of Criminal Appeals has outlined some general situations that may
constitute custody, including the following: (1) when the suspect is physically deprived of
his or her freedom of action in any significant way; (2) when a law enforcement officer tells
the suspect he or she cannot leave; (3) when law enforcement officers create a situation
that would lead a reasonable person to believe his or her freedom of movement has been
significantly restricted; and (4) when there is probable cause to arrest and law enforcement
officers do not tell the suspect he or she is free to leave. Dowthitt v. State, 931 S.W.2d
244, 255 (Tex.Cr.App. 1996). In short, we must look at the totality of the circumstances
and determine whether appellant's freedom of movement was restrained to a degree
associated with a formal arrest. See Rathbun v. State, 96 S.W.3d 563, 566
(Tex.App.-Texarkana 2002, no pet.).

 The fact that appellant became the focus of a criminal investigation after failing
sobriety tests does not escalate roadside questioning into "custody" for Miranda purposes. 
Berkemer, 468 U.S. at 441-42; Stevenson, 958 S.W.2d at 829. Questions by Shelton
concerning how much appellant had been drinking and appellant's responses did not
convert the roadside stop into an arrest. Stevenson, 958 S.W.2d at 829.

 We have not overlooked appellant's reliance on Jordy, 969 S.W.2d at 532. While
driving intoxicated, Jordy caused an automobile accident in the presence of witnesses and
sped away. Id. at 530. After his car came to a stop, he exited and proceeded unsteadily
on foot. A police officer near the scene of the accident believed him to be the suspect from
the hit and run and observed that he was intoxicated. Id. Jordy's response to the officer's
question of how much he had been drinking was found to be the result of custodial
interrogation which should have been suppressed. Id. The situation in Jordy is
distinguishable as it was not a typical roadside stop for a traffic violation that resulted in a
DWI investigation as in the present case.

 Appellant also challenges the admission of the videotape of the stop. A videotape,
however, is not testimonial in nature and does not offend the privilege against self-incrimination under the Fifth Amendment or the Texas Constitution. Miffleton v. State, 777
S.W.2d 76, 80 (Tex.Cr.App. 1989) (en banc); Stephenson v. State, 781 S.W.2d 735, 736
(Tex.App.-Fort Worth 1989, pet. ref'd). We conclude appellant was not in custody and
thus, the trial court did not err in denying his motion to suppress. 

 Appellant also argues the trial court erroneously failed to suppress the results of the
intoxilizer. The record establishes that appellant voluntarily gave two breath samples at the
county jail which showed him to be legally intoxicated. While Tullos was testifying
regarding the intoxilizer results, defense counsel objected that no predicate had been laid
for the calibration and proper functioning of the machine. The trial court sustained the
objection. However, while a forensic chemist for the Texas Department of Public Safety
was testifying on the maintenance of the intoxilizer, the breath tests results were admitted
into evidence with defense counsel noting, "[n]o objection."

 A complaint on appeal regarding the admission of evidence is waived when no
objection is made to the same or similar evidence admitted at another point in trial. Massey
v. State, 933 S.W.2d 141, 149 (Tex.Cr.App. 1996). See also Tex. R. App. P. 33.1(a). 
Additionally, appellant's objection that no predicate had been laid for the operation of the
intoxilizer does not comport with his complaint here that the results should have been
suppressed for violating his right against self-incrimination and his right to be free from
unreasonable search and seizure. See Goff v. State, 537, 551 (Tex.Cr.App. 1996);
Thomas v. State, 723 S.W.2d 696, 700 (Tex.Cr.App. 1986). Thus, the trial court did not err
in overruling appellant's motion to suppress nor in failing to exclude the audio and
videotape of the stop and the intoxilizer results. Issues three, four, five, and six are
overruled.

 By his first and second points of error, appellant claims there is no evidence and
factually insufficient evidence to support his conviction. (3) We disagree. In conducting a
factual sufficiency review, the Court of Criminal Appeals has directed us to ask whether a
neutral review of all the evidence, both for and against the finding, demonstrates that the
proof of guilt is so obviously weak as to undermine confidence in the fact finder's
determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed
by contrary proof. Johnson v. State, 23 S.W.3d 1, 11 (Tex.Cr.App. 2000) (adopting
complete civil factual sufficiency formulation); see also King v. State, 29 S.W.3d 556, 563
(Tex.Cr.App. 2000). Accordingly, we will reverse the fact finder's determination only if a
manifest injustice has occurred. Johnson, 23 S.W.3d at 12. In conducting this analysis,
we may disagree with the jury's determination, even if probative evidence supports the
verdict, but must avoid substituting our judgment for that of the fact finder. See Santellan
v. State, 939 S.W.2d 155, 164 (Tex.Cr.App. 1997). It is the exclusive province of the fact
finder to determine the credibility of the witnesses and the weight to be given their
testimony. Johnson v. State, 571 S.W.2d 170, 173 (Tex.Cr.App. 1978); Armstrong v. State,
958 S.W.2d 278, 284 (Tex.App.--Amarillo 1997, pet. ref'd).

 A person commits the offense of driving while intoxicated if he is intoxicated while
operating a motor vehicle in a public place. Tex. Pen. Code Ann. § 49.04(a) (Vernon
2003). Intoxicated means not having the normal use of mental or physical faculties by
reason of the introduction of alcohol . . . into the body or having an alcohol concentration
of 0.08 or more. § 49.01(2).

 The State established that appellant was driving on a public highway when he was
stopped for a traffic violation. Both troopers testified they detected an odor of alcohol on
appellant's breath and Shelton observed an open beer can in the front seat of the car. 
Tullos testified he noticed an open case of beer in the back seat. Shelton described each
of the sobriety tests administered and appellant's failure to satisfactorily perform them. The
videotape demonstrates that appellant was unable to follow Shelton's directions during the
tests as well as being unable to accomplish them. Numerous clues were displayed during
the tests indicating appellant was intoxicated. Additionally, the portable breath test result
showed appellant's blood alcohol concentration was above the legal limit of 0.08, and the
intoxilizer results likewise confirmed he was legally intoxicated. After reviewing all the
record evidence under Johnson, 23 S.W.3d at 11, and without substituting our own
judgment, we conclude the evidence is factually sufficient to support appellant's conviction. 
Points one and two are overruled.

 By his final point, appellant contends the trial court committed reversible error by
failing to submit his requested charge as to the voluntariness of his statements. We
disagree.

 During the charge conference, defense counsel requested an instruction for
inclusion in the charge regarding the voluntariness of appellant's statements, which the trial
court denied, but included as an exhibit for purposes of appeal. Article 38.23(a) of the
Texas Code of Criminal Procedure provides that an instruction be included in the jury
charge only if there is a factual dispute as to how the evidence was obtained. See 
Balentine v. State, 71 S.W.3d 763, 773 (Tex.Cr.App. 2002); Thomas v. State, 723 S.W.2d
696, 707 (Tex.Cr.App. 1986). The charge provided in part:

 if you find from the evidence that . . . Trooper Clay Shelton did not have a
reasonable suspicion to believe that the defendant, Jose Rey Vasquez, was
operating a motor vehicle without a rear license plate light immediately
preceeding [sic] the defendant's stop and detention . . . you will disregard any
and all evidence obtained as a result of the defendant's arrest by the officer
and you will not consider such evidence for any purpose whatsoever. 
Further, since you will have no further evidence to consider, you shall return
a verdict of "Not Guilty." 


 Whether the rear license plate light of appellant's car was illuminated was the only
factual dispute regarding the stop. Having previously concluded that appellant was not in
custody and therefore not entitled to Miranda and statutory warnings when he made his
statements, no additional instruction was required in the charge regarding them. Point of
error seven is overruled.

 Accordingly, the judgment of the trial court is affirmed. 

 Per Curiam


Do not publish. 

 

Johnson, C.J., not participating.
1. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
2. Evidence was later presented showing that the bulb was, in fact, operational;
however, the shroud around the license plate was "aged and opaque" and did not illuminate
the license plate for 50 feet. 
3. By his second point, appellant contends there is no evidence to support his
conviction; however, by his argument and the legal authorities cited, he only raises factual
insufficiency. Thus, we only review his factual sufficiency contention. See Tex. R. App. P.
38.1(h).



e-noshow:yes;
 mso-style-priority:99;
 color:blue;
 text-decoration:underline;
 text-underline:single;}
a:visited, span.MsoHyperlinkFollowed
 {mso-style-noshow:yes;
 mso-style-priority:99;
 color:purple;
 mso-themecolor:followedhyperlink;
 text-decoration:underline;
 text-underline:single;}
p.MsoAcetate, li.MsoAcetate, div.MsoAcetate
 {mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-link:"Balloon Text Char";
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:widow-orphan;
 font-size:8.0pt;
 font-family:"Tahoma","sans-serif";
 mso-fareast-font-family:"Times New Roman";}
span.FootnoteTextChar
 {mso-style-name:"Footnote Text Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Footnote Text";
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;
 font-family:"Times New Roman","serif";
 mso-ascii-font-family:"Times New Roman";
 mso-hansi-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";}
span.term
 {mso-style-name:term;
 mso-style-unhide:no;}
span.BalloonTextChar
 {mso-style-name:"Balloon Text Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Balloon Text";
 mso-ansi-font-size:8.0pt;
 mso-bidi-font-size:8.0pt;
 font-family:"Tahoma","sans-serif";
 mso-ascii-font-family:Tahoma;
 mso-hansi-font-family:Tahoma;
 mso-bidi-font-family:Tahoma;}
span.HeaderChar
 {mso-style-name:"Header Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Header;
 mso-bidi-font-size:10.0pt;
 font-family:"Times New Roman","serif";
 mso-ascii-font-family:"Times New Roman";
 mso-hansi-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";}
span.FooterChar
 {mso-style-name:"Footer Char";
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Footer;
 mso-bidi-font-size:10.0pt;
 font-family:"Times New Roman","serif";
 mso-ascii-font-family:"Times New Roman";
 mso-hansi-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";}
span.SpellE
 {mso-style-name:"";
 mso-spl-e:yes;}
.MsoChpDefault
 {mso-style-type:export-only;
 mso-default-props:yes;
 font-size:12.0pt;
 mso-ansi-font-size:12.0pt;
 mso-ascii-font-family:Arial;
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 mso-bidi-theme-font:minor-bidi;}
.MsoPapDefault
 {mso-style-type:export-only;
 margin-bottom:10.0pt;
 line-height:115%;}
 /* Page Definitions */
 @page
 {mso-footnote-separator:url("07-10-0493.cv%20opinion_files/header.htm") fs;
 mso-footnote-continuation-separator:url("07-10-0493.cv%20opinion_files/header.htm") fcs;
 mso-endnote-separator:url("07-10-0493.cv%20opinion_files/header.htm") es;
 mso-endnote-continuation-separator:url("07-10-0493.cv%20opinion_files/header.htm") ecs;}
@page WordSection1
 {size:8.5in 11.0in;
 margin:1.0in 1.0in 1.0in 1.0in;
 mso-header-margin:.5in;
 mso-footer-margin:.5in;
 mso-title-page:yes;
 mso-footer:url("07-10-0493.cv%20opinion_files/header.htm") f1;
 mso-paper-source:0;}
div.WordSection1
 {page:WordSection1;}
-->








NO.  07-10-0493-CV

                                                             

                                                   IN
THE COURT OF APPEALS

 

                                       FOR THE
SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                     PANEL
D

 

                                                            JANUARY
26, 2011

 

                                            ______________________________

 

In re: LUIS AGUILAR,

 

                                                                                                            Relator

                                            ______________________________

 

                OPINION ON ORIGINAL PROCEEDING
FOR WRIT OF MANDAMUS

                                            ______________________________

 

Before
QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Pending
before this court is the application of Luis Aguilar for a writ of mandamus.[1]  He requests that we issue Mandamus directing
the County Court at Law No. 2 to vacate its unauthorized order of remand and
proceed appropriately with determination of the merits of the pending action
after the remand is vacated.  We deny the
application.

In Justice
Court, Precinct 2, for Potter County, Aguilar sued Dutchers
Auto Collision Repair, L.L.C.  The case was tried by that court on May 12,
2010.  A final judgment eventually was
entered by the justice court, from which an appeal was taken to the County
Court at Law No. 2, for Potter County. 
However, the justice court granted a new trial.  That a new trial was so granted was brought
to the attention of the county court at law.  The latter then held a
hearing, decided, via letter, that granting a new trial resulted in the absence
of any judgment to appeal, and ordered that the matter [be] returned to . . . the
trial court for a trial on the merits. 
However, it also directed counsel for Dutchers
to prepare the requisite order memorializing that decision.    

            We deny Aquilars petition for
the following reason.  He has an adequate
remedy at law through appeal.  In re C.S., 277 S.W.3d 82, 84 (Tex. App.Amarillo 2009, orig. proceeding) (stating
that the right to appeal is a remedy at law negating ones purported
entitlement to mandamus relief).   And,
the issue to appeal involves whether the county court at law had jurisdiction
to entertain an appeal from the justice court. 


            From the tenor of his petition for writ of mandamus,
Aguilar simply is asking us to adjudicate whether the county court at law has
jurisdiction over the appeal.  It is
clear that the county court at law believes it does not given the justice
courts decision to grant a new trial.  However,
the latter viewpoint, as well as the decision to remand the cause, apparently
has yet to be incorporated into a final, written order.  Once such an order dismissing the appeal for
want of jurisdiction is signed, then Aguilar has the legal remedy of appealing
the dismissal to this court.  

            Accordingly, the petition for a writ of mandamus is denied.    

 

Per Curiam











[1]Relator, later, filed an application for writ
of prohibition stating that either a writ of prohibition or a writ of mandamus
is appropriate.