ACCEPTED
06-15-00222-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
6/30/2016 4:28:13 PM
DEBBIE AUTREY
CLERK

No. 06-15-00222-CR

IN THE COURT OF APPEALS

FOR THE

SIXTH JUDICIAL DISTRICT OF TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

7/1/2016 9:27:00 AM

DEBBIE AUTREY
Clerk

BENJAMIN ROBERT CAIN III, Appellant

VS.

THE STATE OF TEXAS, Appellee

APPEALED FROM THE 71ST DISTRICT COURT

HARRISON COUNTY, TEXAS

CAUSE NO. 13-0257X

STATE'S BRIEF

COKE SOLOMON
CRIMINAL DISTRICT ATTORNEY
HARRISON COUNTY, TEXAS
P.O. BOX 776
MARSHALL, TEXAS 75671
(903) 935-4840

BY: LAURA M. CARPENTER
ASSISTANT CRIMINAL DISTRICT ATTORNEY
BAR #08618050
ATTORNEY FOR THE STATE

**<u>Oral Argument is Not Requested</u>**

No. 06-15-00222-CR

BENJAMIN ROBERT CAIN III,
Appellant

VS.

THE STATE OF TEXAS,
Appellee

_____

**NAMES OF ALL PARTIES AND ATTORNEYS**
_____

The names and identifying information of all parties and attorneys were correctly

stated in Appellant's brief, except for the following name should include

Laura M. Carpenter as Appellate Attorney on behalf of the State of Texas:

Laura M. Carpenter
Appellate Attorney
Harrison County District Attorney's Office
P.O. Box 776
Marshall, TX   75671
Telephone:   903-935-8408
Facsimile:    903-935-4836
laurac@co.harrison.tx.us

ii

# TABLE OF CONTENTS

NAMES OF ALL PARTIES AND ATTORNEYS ..............................................................ii

INDEX OF AUTHORITIES ...............................................................................................iv

      CASES: .................................................................................................................iv

      CODES, RULES, STATUTES: ..........................................................................iv

STATEMENT OF THE CASE ........................................................................................... 1

STATE'S REPLY to ISSUE NUMBER ONE. ................................................................... 1

STATE'S REPLY to ISSUE NUMBER TWO. ................................................................... 1

GENERAL STATEMENT OF THE FACTS…………………………………………….2-4

ARGUMENTS AND AUTHORITIES................................................................................. 4

      ARGUMENT to ISSUE NUMBER ONE ........................................................... 4-6

      ARGUMENT to ISSUE NUMBER TWO .............................................................. 7

CONCLUSION…………………………………………………………………………….8

PRAYER ........................................................................................................................... 9

CERTIFICATE OF COMPLIANCE……………………………………………………….9

CERTIFICATE OF SERVICE ....................................................................................... 10

# INDEX OF AUTHORITIES

CASES:

*Ballard v. State*, 23 S.W. 3d 178 (Tex.App.—Waco 2000, no pet.)…………….………8

*Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010)………………………....7

*Crawford v. Washington*, 541 U.S. 36, 59, 124 S.Ct. 1354, 158 L.Ed. 177 (2004)……...5

*Curry v. State*, 228 S.W. 3d 292, 299 (Tex. App.—Waco 2007, pet. ref'd)………………6

*Hartsfield v. State*, 235 S.W.3d 772, 778 (Tex.Crim. App. 2007)……………………….7

*Horton v. State*, 394 S.W.3d 589, 592 (Tex. App. –Dallas 2012, no pet.)……………….7

*Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim.App. 2007)…………………………….…7

*Jackson v. Virginia*, 443 U.S. 307, 319 (1979)………………………………………….…7

*Lilly v. Virginia*, 527 U.S. 116, 137, 119 S.Ct. 1887, 144 L.Ed.2d 117 (1999)…………..4

*Malik v. State*, 953 S.W. 2d 234, 240 (Tex.Crim.App 1997…………………………….....7

*Moore v. State*, 169 S.W. 3d 467, 471 (Tex.App. Texarkana 2005, pet ref'd……………5

*Terry v. State*, 397 S.W.3d 823, 833 (Tex. App. –Houston [14th Dist.] 2013, pet. ref'd)...5

*Pointer v. Texas*, 380 U.S. 400, 400-01, 85S.Ct. 1065, 13 L.Ed.2d 923 (1965)………....4

*Poulus v. State*, 799 S.W.2d 769, 770 (Tex. App.—Houston [1st Dist.] 1990, no pet.)….6

*Wall v. State*, 184 S.W.3d 730, 742 (Tex. Crim. App. 2006)……………………………4, 5
.
*Watson v. State*, 421 S.W.3d 186 (Tex. App. San Antonio 2013……………………….…5

CODES, RULES AND STATUTES:

*U.S. Const. Amend. VI* …………………………………………………………………….4

## STATEMENT OF THE CASE

Appellant, Benjamin Robert Cain III , was indicted with a two count indictment. CR 6. Judge Morin granted Count I of the indictment to be suppressed. CR 41. After a jury trial, Appellant was convicted by the jury in the 71st Judicial District Court in Harrison County, Texas, on Count II for Manufacturing and Delivery of a Controlled Substance of less than 28 grams. CR 75. At the conclusion of the punishment phase, the jury sentenced Appellant to 2 years in the Texas Department of Criminal Justice - State Jail Division.

Appellant presents his appeal in two issues.

## STATE'S REPLY to APPELLANT'S ISSUE NO. 1

The trial court did not err in allowing the presentation of a silent video tape because a silent videotaped recording is not testimonial under the Confrontation Clause.

## STATE'S REPLY TO APPELLANT'S ISSUE NO. 2

The evidence is both legally and factually sufficient to sustain a finding of guilty beyond a reasonable doubt.

1

## GENERAL STATEMENT OF THE FACTS

Appellant, Benjamin Robert Cain III, was indicted on two counts. Count I alleged Appellant committed a charge of manufactured and delivery of a control substance less than one gram. County II alleged Appellant committed a charge of manufactured and delivery of a control substance less than 28 grams.

Appellant filed a motion to suppress evidence on the delivery of a controlled substance less than 1 gram, which is the allegation in Count I of the indictment. On October 28, 2014, a suppression hearing was held and testimony and argument regarding both Count I (an offense occurring on or about December 17, 2012) and Count II (an offense occurring on or about December 13, 2012) was heard. The judge granted the Motion to Suppress evidence of Count I and denied suppression of any evidence of Count II. A corrected order reflecting this ruling was signed on June 18, 2015 (CR 41).

On December 10, 2015, the trial before a jury began. RR 9. The State offered a videotaped recording without audio that was taken by a confidential informant. The confidential informant died prior to trial, and thus was unavailable to testify at trial. (RR 20). Appellant objected to the admission of the video based upon the right of denial of confrontation. (RR 30). Appellant objected to the testimony of the testifying officer as to the contents of the tape during the time the officer was not present in the video. (RR30).

2

The State began its case through testimony of Officer Steve Ashmore of the Harrison County Sheriff's Office. (RR 16). Ashmore testified that the Sheriff's Office employed a confidential informant, Dennis Boyd, to buy narcotics from the Appellant based on Boyd's tip. (RR 21). Ashmore testified that the Sheriff's Office had used Boyd numerous times and that Boyd never did anything that was not above par as a confidential informant. (RR 50). Ashmore stated that in December 2012, he met with Boyd in Waskom at a predetermined place to begin a narcotics buy from Appellant (RR 23). Ashmore searched Boyd and searched Boyd's car and did not find any contraband. (RR 24). Ashmore fitted Boyd with a recording device on his shirt and it begins recording. (RR 25). Boyd drove to 365 Noble to meet the Appellant and Ashmore testified that he saw Boyd pull into the yard, pull into the driveway, and enter into the house. (RR 25). Ashmore stated that the Appellant was in the house for about five minutes and then he saw Appellant leave the house. (RR 26-27). The State published the videotaped recording, without sound, to the jury (RR 30-31). Ashmore testified that when Boyd was in the house, it appeared in the video that Appellant was counting out pills and putting them in a baggy and giving it to Boyd. (RR 35). Ashmore states that he then met with Appellant again at the prearranged meeting place where Boyd gave Ashmore the purchased pills. (RR 27). Ashmore testified that he is seen on the video and that it shows Boyd handing the bag of pills to him, (RR 36). Ashmore stops the video recording and then searches Boyd and Boyd's car for contraband and finds none. (RR 27).

3

Ashmore testified that the bag of pills were placed in a secured locker and that Office Randy Payne delivered the pills on January 28, 2013, to the lab in Tyler for testing. (RR 42). Ashmore identified the Appellant (RR 65.) Ashmore states that the video was continuous and uninterrupted. (RR 66). Ashmore states that there wasn't any other person in the car with Boyd (RR 66). Ashmore states that Boyd did not make any detours during the taping. (RR 66).

Appellant's counsel questioned Ashmore about his testimony regarding the videotaped recording. Ashmore responds to counsel's cross-examination by stating that he believes that it shows money being put in Appellant's pocket. (RR 70).

## ARGUMENTS AND AUTHORITIES REPLY to ISSUE ONE

The trial court did not err in allowing the presentation of a silent video tape because a silent videotaped recording is not testimonial under the Confrontation Clause.

Although an appellate court defers to a trial court's determination of historical facts and credibility, constitutional rulings are reviewed de novo. *Wall v. State*, 184 S.W.3d 730, 742 (Tex. Crim. App. 2006)(citing *Lilly v. Virginia*, 527 U.S. 116, 137, 119 S.Ct. 1887, 144 L.Ed.2d 117 (1999)). This includes a determination of whether a statement is testimonial or non-testimonial. *Id.*

The Sixth Amendment to the United State Constitution provides that in all criminal prosecutions that the accused shall enjoy the right to be confronted with the witnesses against him. *U.S. Const. Amend. VI*; *Pointer v. Texas*, 380 U.S.

4

400, 400-01, 85S.Ct. 1065, 13 L.Ed.2d 923 (1965). The United States Supreme Court has ruled that the Confrontation Clause bars the admission of an out-of-court testimonial statement made by a non-testifying witness absent evidence (1) the witness is unavailable to testify, and (2) the defendant had had a prior opportunity to cross-examine the witness. *Crawford v. Washington*, 541 U.S. 36, 59, 124 S.Ct. 1354, 158 L.Ed. 177 (2004). The question in this case is whether a videotaped recording played without audio is testimonial or non-testimonial

First, in determining whether a statement is testimonial, an appellate court looks to "the formal nature of the interaction, the intent of the declarant, or some combination of the two factors." *Moore v. State*, 169 S.W. 3d 467, 471 (Tex.App. Texarkana 2005, pet ref'd) (citing *Crawford v. Washington*, 541 U.S. at 68. In *Terry v. State*, the court held that a statement is testimonial when the circumstances objectively indicate that there is no ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution. *Terry v. State*, 397 S.W.3d 823, 833 (Tex. App. –Houston [14th Dist.] 2013, pet. ref'd). Testimony is testimonial if it is the functional equivalent of an ex parte, in-court statement. *Wall*, 184 S.W.3d at 735.

In *Watson v. State*, 421 S.W.3d 186 (Tex. App. San Antonio 2013), the court held in a case with similar facts that the silent videotaped recording in question was neither testimonial nor a statement, thus did not violate the defendant's right of confrontation. In this case, as in *Watson*, the silent

5

videotape was an ex parte statement and was not a structured police interrogation.  *See Crawford*, 541 U.S. at 50-53. The videotape was not used in an effort to establish or prove past events as discussed in *Terry. See Terry*, 397 S.W.3d at 833.   The setting of a confidential informant purchasing contraband is not one which would lead an objective witness reasonably to believe that the statement would be available for later judicial proceedings.   *Curry v. State*, 228 S.W. 3d 292, 299 (Tex. App.—Waco 2007, pet. ref'd).   A silent videotape is no different than a collection of photographs, and thus is more like a surveillance video than a testimonial statement by any individual.   *Watson*, 421. S.W.3d at 197.

In *Watson,* the court referenced *Poulus v. State*, 799 S.W.2d 769, 770 (Tex. App.—Houston [1st Dist.] 1990, no pet.) where the court held that a silent videotape showing Poulus performing field sobriety tests was not testimonial in nature and did not offend the Fifth Amendment privilege against self-incrimination.   The court in *Watson* concluded that a silent videotape is not testimonial under the Confrontation Clause for the same reason. *Watson*, 421 S.W.3d at 196.

Appellant's Issue Number One should be overruled because admitting a silent videotape of a confidential informant purchasing contraband does not deny the Appellant the right of Confrontation because the videotape is not testimonial.

6

## ARGUMENTS AND AUTHORITIES REPLY to ISSUE TWO

The evidence is both legally and factually sufficient to sustain a finding of guilty beyond a reasonable doubt.

The State agrees with Appellant with the following law:   In reviewing the legal sufficiency of the evidence, the Court will review all the evidence in the light most favorable to the verdict to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt.   *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Hartsfield v. State*, 235 S.W.3d 772, 778 (Tex.Crim. App. 2007).   In doing so, the court will give deference to the responsibility of the trier of fact "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inference from basic facts to ultimate facts."   *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim.App. 2007) (citing *Jackson*, 443 U.S. at 318-19).

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge.   *Malik v. State*, 953 S.W. 2d 234, 240 (Tex.Crim.App 1997); *Horton v. State*, 394 S.W.3d 589, 592 (Tex. App. –Dallas 2012, no pet.).   The hypothetically correct jury charge sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Malik*, 953 S.W.2d at 240.

In this case, the jury was presented with testimony from the witness (Officer Ashmore) that the confidential informant (c.i.) was reliable; that the officer checked to

ensure that there was no contraband on the c.i.; that the officer placed a recording device on the c.i.; that the officer saw the c.i. pull into the driveway to meet the Appellant; that the officer saw the c.i. go into the house to meet the Appellant; the officer saw the c.i. leave the house; that the officer met with c.i. and took the purchased contraband; that the officer stopped the recording that had been on continuously since starting the recording; and that the officer checked to ensure that the c.i. had no other contraband on him or in his car.

The contraband that was given to the officer from the c.i. was tested. The lab technician testified that the contraband was a controlled substance.

The jury was able to view the silent videotape and determine what they witnessed. Trial counsel stipulated that the Appellant was in the video. RR 34. Moreover, absent affirmative evidence of fraud or tampering, any concerns concerning gaps in the chain of custody only affect the weight to be give the evidence. *Ballard v. State*, 23 S.W. 3d 178 (Tex.App.—Waco 2000, no pet.).


**CONCLUSION**

Appellant presents his argument that he was denied the right of confrontation because the silent videotape recording was admitted. Case law is clear that silent videotape recordings are not testimonial and thus if offered as evidence would not violate one's right of confrontation. Appellant further argues that that he was denied the right of confrontation because the testifying officer commented on the silent

8

videotape recording. This argument is errant because the testifying officer was confronted by Appellant's attorney and was cross-examined.

The State prevailed in presenting the essential elements of the offense beyond a reasonable doubt. Appellant's argument concerning the lack of evidence was debated and presented to the jury. Even so, the jury returned its verdict of guilty as charged in the indictment.

## PRAYER

The State respectfully prays this Court affirm the judgment below.

Respectfully Submitted
Coke Solomon
Criminal District Attorney
Harrison County, Texas

By: /s/ Laura M. Carpenter
Laura M. Carpenter,
Assistant District Attorney
Bar Card #08618050

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief contains 2565 words according to the computer program used to prepare the document.

/s/ Laura M. Carpenter
Laura M. Carpenter

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing State's Brief has been sent to the attorney for Appellant, Vernard Solomon, this 30th day of June, 2016.


/s/ Laura M. Carpenter
Laura M. Carpenter